**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**KIBWE RAYFORD, JR.**,

Plaintiff,

v.

**UNIVERSITY OF TOLEDO**,

Defendant.

CASE NO. 3:25 CV 266

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

*Pro se* Plaintiff Kibwe Rayford, Jr., filed this complaint against the University of Toledo, where he claims he earned "several degrees" over the past decade. (Doc. 1). He alleges the University has violated his constitutional rights under several federal acts – namely, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-17; the America with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117; the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232; and "Title IX Discrimination" – and engaged in "Reckless Endangerment." *Id*. at 1. Plaintiff also filed an application to proceed *in forma pauperis* (Doc. 2), which the Court grants. For the following reasons, Plaintiff's Complaint is dismissed.

## ANALYSIS

*Pro se* pleadings must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (stating pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers"); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("[t]he appropriate liberal construction requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief") (internal quotation marks and

citations omitted). But principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full-blown claims from sentence fragments. *Id.* at 1278. To do so would "require[e] [the] courts to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*; *see also Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) ("Although liberal construction requires active interpretation of the filings of a pro se litigant, . . . it . . . does not require a court to conjure allegations on a litigant's behalf . . . .") (internal citations omitted).

Indeed, federal district courts are required to screen all *in forma pauperis* complaints and dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim for purposes of § 1915(e)(2)(B), a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. They also must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Even construing Plaintiff's complaint liberally, it does not meet basic pleading requirements or state a claim upon which relief may be granted. Plaintiff alleges a factual basis for only one of his stated grounds for relief, under FERPA. He states that he attended the University of Toledo beginning in 2014, and has obtained "several degrees" at the institution since then. (Doc. 1, at 2). He reports on his IFP application that he currently owes Defendant $70,000. (Doc. 2). Plaintiff further alleges that his 2024 Ohio tax refund was "[w]ithheld" by the Ohio Department of Taxation at the request of General Revenue Corporation ("GRC"), a collection agency, on behalf of Defendant. (Doc. 1, at 2). He claims he then contacted the Ohio tax agency, which instructed him to call GRC "for a receipt of transaction," which he did on February 4, 2025. *Id*. He asserts GRC then asked him for personal information, such as his social security number, name, and "Rocket Number." *Id*.

Plaintiff argues Defendant violated privacy provisions of FERPA by sharing his personal information with GRC. *Id*. He notes Defendant "now has a contract posted under billing" that permits it to "share personal information with third parties to collect payment," but he has not signed the contract. *Id*. FERPA, however, did not establish individually enforceable rights. When a recipient of funds fails to comply with the Act, Congress permits only the Secretary of Education to "take any . . . action authorized by law with respect to the recipient." 20 U.S.C. § 1234c(a)(4); *see also United States v. Miami Univ.*, 294 F.3d 797, 817 (6th Cir. 2002). This claim, therefore, is not cognizable and must be dismissed.

As to Plaintiff's other grounds for relief, he fails to set forth any factual allegations whatsoever against Defendant to support them. The complaint, therefore, must be dismissed pursuant to § 1915(e)(2)(B). *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in

determining whether a complaint states a claim for relief); *Gilmore v. Corr. Corp. of Am*., 92 F. App'x 188, 190 (6th Cir. 2004) (where a person is named as a defendant in a case without an allegation of specific conduct, a complaint is subject to dismissal even under the liberal construction afforded *pro se* pleadings).

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Accordingly, Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2) is granted, and it is

FURTHER ORDERED that Plaintiff's complaint (Doc. 1) is dismissed under 28 U.S.C. § 1915(e)(2)(B); and the Court

FURTHER CERTIFIES that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Date: March 24, 2025